UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HENAN ZAAL,

        Plaintiff,

                                  Case No. 25-cv-1241-pp

    v.

MATC JUDICIAL AFFAIRS OFFICE,
ERIC GASS, JEFF JANZ,
HEALTHCARE PATHWAY
and MILWAUKEE AREA TECHNICAL COLLEGE,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT, DETERMINING IT DOESN'T STATE CLAIM AND ALLOWING PLAINTIFF TO FILE AMENDED COMPLAINT**

---

On August 18, 2025, the plaintiff—representing herself—filed a complaint, alleging that she wrongfully was accused of cheating and was wrongfully dismissed from Milwaukee Area Technical College, both on the basis of her religion. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court will grant the plaintiff's motion but will dismiss the complaint for failure to state a claim.

I.      **Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." <u>Coleman v. Tollefson</u>, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose her financial condition and must do so truthfully under penalty of perjury. <u>See</u> 28 U.S.C. §1915(a)(1) (requiring the person seeking to

1

proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit avers that she is unmarried with no dependents. Dkt. No. 2 at 1. It avers that she is unemployed. Id. at 2. The affidavit avers that the plaintiff has no income. Id. The affidavit avers that the plaintiff pays $750 in rent, $200 for electricity and $400 for food and water, for a total of $1,350 in monthly expenses. Id. at 3. The affidavit does not list assets of any kind.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant her motion for leave to proceed without doing so. The court advises the plaintiff, however, that she still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to prepay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original). The plaintiff must pay the filing fee over time, as she is able.

## II. Screening the Complaint (Dkt. No. 1)

### A. Legal Standard

The court must decide whether the complaint alleges claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the

2

claim" showing that she is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). The court must accept as true the *factual* allegations in the complaint, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff does not need to plead every fact supporting her claims; she needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." United States *ex rel.* v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Because the plaintiff is representing herself, the court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

      B.    Facts Alleged in the Complaint (Dkt. No. 1)

The complaint alleges that the plaintiff has been discriminated against because she was dismissed and accused of cheating; the plaintiff seems to allege that these things happened because she was the only Muslim student "that was in the student accommodation center." Dkt. No. 1 at 2. The plaintiff alleges that she was wrongfully terminated from the nursing program after being accused of cheating, but says the cheating accusation never was investigated and that she never received the "Judicial hearing" afforded by the Milwaukee Area Technical College's disciplinary process. Id. The plaintiff says that despite her attempts to appeal the decision, the school hasn't allowed her to do so and hasn't provided her with adequate resources. Id.

3

The plaintiff explains that she was given a termination letter and "instruction in reaching out to address this issue," but she says that she was "given the run around." Id. at 3. She claims to have three letters from the accommodations center confirming that she wasn't cheating and wasn't logged in to the exam. Id. She says that her log-in records show that she never accessed the exam on which she is alleged to have cheated. Id. She says that since the April 2023 termination she's tried to resolve the matter and to re-enroll; she says she is asking to be immediately re-enrolled. Id. She asks that any re-enrollment requirements be waived. Id.

The plaintiff says that "their" admitted mistakes in enrollment and administration have caused her undue stress, pain and suffering, and have made it impossible for her to enroll in a school with comparable courses. Id. at 3-4.

The plaintiff also says that she submitted a letter appealing her grades, but that the school and instructors didn't change her grades. Id. at 4. She says that her "total points didn't match up in many places, etc." Id. She asserts that if "all work" had been entered into Blackboard, would have earned two B+'s and a B for her courses. Id. She alleges that no one has asked to see her evidence of the total points she believes she should've earned. Id. She says she's had to put her education plans on hold "because these issues were avoid." Id. She asserts that she sent an email to the school discussing "these issues," and that the school told her that she was a student listed in good standing. Id. at 4-5. She asks that all the grades that she earned "that semester" be entered. Id. at 5.

On the form complaint, the plaintiff marked the box next to the statement, "I am suing for a violation of federal law under 28 U.S.C. §1331." Id.

at 7. The complaint requests that the plaintiff be allowed back into MATC to finish her degree and have all her grades entered. Id. She also asks for a free lawyer "due to financial reasons." Id. at 6.

In addition to MATC, the caption of the complaint lists as defendants the MATC Judicial Affairs Office, Eric Goss, Jeff Janz and Healthcare Pathway. Id. at 1. The complaint does not explain how Goss, Janz or Healthcare Pathway are involved in the events the plaintiff described in the complaint

Although not attached to her complaint, the plaintiff has filed additional documents: correspondence between MATC and what appears to be a lawyer who was representing the plaintiff in the spring of 2025, dkt. no 8, a note from the plaintiff claiming that she wins the lawsuit because the defendants have defaulted, dkt. no. 9, and the MATC Student Code of Conduct and various documents related to her grades and classes, dkt. no. 10. None of these documents have any bearing on the plaintiff's possible religious discrimination allegation.

Docket number 8 contains three emails from Sarah Bondar, the plaintiff's attorney, to MATC. The first email, sent February 12, 2025, contains a letter laying out the plaintiff's allegations and asking MATC to respond. Dkt. No. 8 at 1. It states that the plaintiff was wrongfully terminated from her program at MATC for cheating in the spring of 2023. Id. It alleges that the plaintiff's termination never was properly investigated, that the plaintiff's attempts to appeal were ignored and that the plaintiff has documents proving that she did not cheat. Id. The letter mentions nothing about the plaintiff's religion. The second email, dated February 20, 2025, informs MATC that Attorney Bondar had not received a response and that she soon would look into filing a lawsuit if she did not get one. Id. at 2. The last email, dated July

5

29, 2025, is Bondar's response to an email from MATC's general counsel. Id. at 4. The email asks about certain of the plaintiff's grades that allegedly were not entered correctly and informs MATC that Bondar and the plaintiff "are looking for corrective actions in regard to those at a minimum." Id.

The note from the plaintiff regarding default simply says "By default, I did not hear back from the party, I win" and "The other party fails to respond to the lawsuit within the 21-day deadline." Dkt. No. 9. This is not correct. The defendants have not yet been served with the complaint because the court had not screened the plaintiff's complaint. Only after the court screens a complaint to make sure that it states a claim does the court order the complaint served on the defendants. Because the defendants had not yet been served, the deadline for them to answer had not been set. The defendants have not "defaulted" because they were not aware that they had been sued and they had no deadline by which to file an answer.

C.    Analysis

Federal courts, like this one, have limited jurisdiction. A federal court has jurisdiction to consider and decide cases that involve violations of federal laws or the federal Constitution. 28 U.S.C. §1331. This is called "federal question jurisdiction." Federal courts also have jurisdiction to consider and decide lawsuits between citizens of different states, if the amount in dispute is more than $75,000. 28 U.S.C. §1332. This is called "diversity jurisdiction."

It appears that the plaintiff and all the defendants are citizens of Wisconsin, so the court does not have diversity jurisdiction. The complaint states that the plaintiff is suing for a violation of federal law (although the plaintiff did not identify the law under which she is suing), so it appears she is alleging that the court has federal question jurisdiction.

As best the court can tell, the plaintiff is alleging that MATC discriminated against her because she is Muslim. Title VI of the Civil Rights Act of 1964 states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of or be subjected to discrimination under any program or activity receiving federal financial assistance." 42 U.S.C. §2000d. Title VI has two aims: to "avoid the use of federal resources to support discriminatory practices" and "to provide individual citizens effective protection against those practices." Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 286 (1998) (quoting Cannon v. Univ. of Chicago, 441 U.S. 677, 704 (1979)). This law allows people to sue entities that receive federal funds (which many colleges do) for discrimination on the basis of race, color or national origin. But the law does not list religion as one of the characteristics for which discrimination is prohibited; "[r]eligious discrimination is not covered by Title VI." See Beaulieu v. Ashford Univ., 529 F. Supp. 3d 834, 850 (N.D. Ill. 2021), aff'd sub nom. Beaulieu v. Ashford Univ., LLC, No. 22-1654, 2022 WL 17076691 (7th Cir. Nov. 18, 2022) (finding that district court properly dismissed the complaint where the plaintiff failed to allege that race—not religion—motivated the university's action).

Section 1983 of Title 42 allows a plaintiff to sue a person acting under color of state law for violating the plaintiff's right to free exercise of religion, or for retaliating against the plaintiff for exercising her religion. To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him or her of a right secured by the Constitution or the laws of the United States, and that whoever deprived him or her of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th

Case 2:25-cv-01241-PP    Filed 01/21/26    Page 7 of 9    Document 11

Cir. 2015) (citing <u>Buchanan–Moore v. County of Milwaukee</u>, 570 F.3d 824, 827 (7th Cir. 2009)). But other than asserting that she was the only Muslim in the student accommodation center, the complaint alleges no facts showing that the reason the plaintiff's grades were not accurately recorded, or that she was accused of cheating, or that she was dismissed from the nursing program, was because she is Muslim. She does not allege that any of the defendants knew that she was Muslim or explain how they would have known that. The complaint does not explain what causes the plaintiff to believe that her religion was a motivating factor in the actions the defendants took (or did not take).

The court will allow the plaintiff to file an amended complaint. With this order, the court is sending the plaintiff its amended complaint form. If the plaintiff chooses to file an amended complaint, she must use the provided form to prepare that complaint. She must put the case number for this case (25-cv-1241) on the line for the case number. She must list all the people or entities whom she wishes to sue in the caption. She must use the lines under "Statement of Claim" to provide the court with all the facts about why she believes the defendants acted based on her religion. She must provide the court with enough facts to answer the following questions: 1.) Who violated her constitutional rights?; 2.) What did each defendant do to violate her rights?; 3.) Where did each defendant violate her rights?; 4.) When did each defendant violate her rights?; and 5.) Why does she think that the defendant(s) acted based on her religion and not for some other reason. The amended complaint must be complete in itself—the plaintiff cannot refer the court back to her original complaint.

If the court receives an amended complaint by the deadline it sets below, the court will screen that complaint and determine whether it states a claim. If

the court determines that the amended complaint states a claim, the court will order service on the defendants. If the court does not receive an amended complaint by the deadline, it will dismiss this case for the plaintiff's failure to state a claim in her original complaint.

## III.  Conclusion

The court **GRANTS** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DETERMINES** that the complaint does not state a claim.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, she must file an amended complaint that complies with the requirements of this order in time for the court to *receive* it by the end of the day on **February 27, 2026**.

If the court receives an amended complaint by the end of the day on February 27, 2026, it will screen the amended complaint and determine whether it states a claim for which a federal court may grant relief. If the court does not receive an amended complaint by day's end on February 27, 2026, the court will dismiss this case on the next business day without further notice or hearing for the plaintiff's failure to state a claim in her original complaint.

Dated in Milwaukee, Wisconsin this 21st day of January, 2026.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

9