UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HENAN ZAAL,

        Plaintiff,

                              Case No. 25-cv-1241-pp

    v.

MATC JUDICIAL AFFAIRS OFFICE, *et al.*,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL
(DKT. NO. 12)**

On February 9, 2026, the plaintiff, who is representing herself, filed a motion asking the court to extend the deadline for her to file her amended complaint; at the end of the motion, she stated, "I am also requesting a free lawyer . . . ." Dkt. No. 12. The court granted the part of the motion that asked for an extension of time to file the amended complaint, dkt. no. 13, and the plaintiff since has timely filed an amended complaint, dkt. no. 14. The court will screen that amended complaint in a separate order. This order addresses the plaintiff's request for a "free" lawyer.

"[T]here is no right to court-appointed counsel in federal civil litigation, but an indigent civil litigant may ask the district court to request an attorney to represent the litigant *pro bono*." McCaa v. Hamilton, 893 F.3d 1027, 1030 (7th Cir. 2018). But because most self-represented persons would like to have a lawyer represented them, there are not enough volunteer lawyers to represent

1

each person who asks for one. The court cannot appoint a lawyer to each person who asks—it appoints lawyers only for those people who can demonstrate that they can't obtain a lawyer themselves and that they are incapable of proceeding on their own. To demonstrate that, the plaintiff first must make a "good faith effort" to hire counsel on her own and attach evidence showing that she satisfied this requirement. Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). To do so, the plaintiff must show that she contacted at least three lawyers and must provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyers; and (4) the lawyers' responses. Only after the plaintiff shows that she made a good faith effort to hire a lawyer on her own does the court analyze whether the plaintiff has demonstrated "the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019).

The plaintiff has not satisfied the first requirement. She has provided no evidence showing that she has made a good faith effort to hire counsel on her own. Even if she had, she has not provided the court with any information that would allow the court to analyze her competence to litigate her claims without counsel, especially at this early stage of the litigation when the court has not even determined whether she has stated a claim upon which a federal court may grant relief.

2

The court will deny without prejudice the plaintiff's motion to appoint counsel. "Without prejudice" means that if this case reaches a point where the plaintiff no longer is capable of litigating the case on her own, she may file another motion asking the court to appoint counsel. In the motion, the plaintiff must provide evidence showing that she made a good faith effort to obtain counsel on her own and she must explain why the case is one that she cannot litigate on her own.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 12.

Dated in Milwaukee, Wisconsin this 3rd day of April, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3