HENAN ZAAL,

        Plaintiff,

                                         Case No. 25-cv-1241-pp

  v.

MATC JUDICIAL AFFAIRS OFFICE, *et al.*,

        Defendants.

## ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 14)

On August 18, 2025, the plaintiff—representing herself—filed a complaint alleging that she had been wrongfully accused of cheating, had her grades incorrectly entered and was wrongfully dismissed from Milwaukee Area Technical College (MATC). Dkt. No. 1. The court screened the plaintiff's complaint, determined the complaint did not state a claim and gave the plaintiff an opportunity to amend. Dkt. No. 11.

In screening the original complaint, the court determined that the plaintiff appeared to be attempting to allege that the defendants had discriminated against her because she is Muslim. Id. at 7–8. The plaintiff did not cite a specific statute under which she was suing, so the court analyzed two likely candidates. Id. at 7. The court explained that although Title VI of the Civil Rights Act of 1964 allows people to sue schools receiving federal funds over discrimination based on race, color and national origin, the act does not cover religious discrimination. Id. The court also explained that 42 U.S.C.

1

§1983 allows a plaintiff to sue a person acting under color of state law for violating the plaintiff's religious rights. Id. at 7–8. But the court found that the plaintiff had not stated a claim under this statute because she had not alleged "facts showing that the reason the plaintiff's grades were not accurately recorded, or that she was accused of cheating, or that she was dismissed from the nursing program, was because she is Muslim." Id. at 8.

The court gave the plaintiff specific instructions for amending her complaint. Id. The court instructed the plaintiff that "[s]he must provide the court with enough facts to answer the following questions: 1.) Who violated her constitutional rights?; 2.) What did each defendant do to violate her rights?; 3.) Where did each defendant violate her rights?; 4.) When did each defendant violate her rights?; and 5.) Why does she think that the defendant(s) acted based on her religion and not for some other reason." Id. at 8.

After receiving an extension of time, dkt. no. 13, the plaintiff filed her amended complaint, dkt. no. 14. The next day the plaintiff filed a "supplement," containing additional (but repetitive) allegations about her case and including numerous emails, documents and photographs that, it appears, she believes are relevant to her case. Dkt. No. 15.

I.      **Screening the Amended Complaint (Dkt. No. 14)**

A.      <u>Legal Standard</u>

The court must decide whether the amended complaint alleges claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is

2

immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). The court must accept as true the *factual* allegations in the complaint, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff does not need to plead every fact supporting her claims; she needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." United States *ex rel.* v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Because the plaintiff is representing herself, the court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

B.     Facts Alleged in the Amended Complaint (Dkt. No. 14)

The amended complaint largely tells the same story as the original complaint, with a few key differences. The plaintiff still alleges that she was dismissed from the nursing program at MATC, that she was accused of cheating and that her grades were not entered. Dkt. No. 14 at 4. She alleges that she "was passed around to different administrators because no one took

3

the time to see [her] evidence[,]" that she "was not given a fair hearing outlined in a letter [she] was given to appeal," and that "[t]hey talked over [her] instead of listening." Id.

But unlike the original complaint, the amended complaint alleges that the plaintiff was discriminated against on the basis of her national origin, Jordanian. Id. The plaintiff writes that she "was wrongfully terminated for discriminatory reasons (Title VII) of the Civil Rights Act of 1964 based on my national origin that I was from Jordanian)" Id. (as in original). She asserts that her "national origin was a motivating factor in this actions that the defendants took." Id. (as in original). The plaintiff states that she "was the only Jordanian in the student accommodation and class." Id. She alleges that "[t]he defendants knew what [her] national origin (Jordanian) [] was because [she] told them" "so they were coming up with excuses/accusations to get rid of [her]." Id.

The plaintiff alleges that MATC staff denied her services, treated her unfairly, "made discriminatory remarks that Jordanians are hard for learning, and imposed harsher discipline." Id. (as in original). The plaintiff contends that "there [was] differential treatment compared to others." Id. She stated, "There "accusations denied me to a fair and proper/thorough hearing due to unequal treatment[.]" Id. The plaintiff says, "I want to be admitted back to my nursing program, and my grades to be revised because of the dismissal some of my graded assignments were missing." Id. (all as in original)

The caption of the amended complaint lists as defendants MATC Judicial Affairs Office, Eric Gass, Jeff Janz, Healthcare Pathway, Milwaukee Area

4

Technical College and "Student Accommodation" (with an illegible word in parentheses after "Accommodation"). Id. at 1. The body of the amended complaint does not explain how Gass, Janz or Healthcare Pathway were involved in the case.

In the supplement she filed the day after filing her amended complaint, the plaintiff repeated these allegations and arguments. Dkt. No. 15 at 1–2. The plaintiff also offered a more detailed breakdown of the events leading to MATC accusing her of cheating. Id. at 3. The plaintiff included a portion of a letter her former attorney, Sarah Bondar, sent to MATC's Judicial Affairs Office. Id. at 4. She attached a letter from Eric Gass, a dean at MATC who somehow was affiliated with Healthcare Pathway, in which Gass explains that while the plaintiff was taking a test in the Student Accommodations office, staff saw the plaintiff looking at a screen different from the testing software; he said that staff reviewed her browsing history which showed the plaintiff had "been in Google, searching for correct answers." Id. at 5. The plaintiff included emails between herself and Attorney Bondar, id. at 6, various emails between the plaintiff and MATC and blurry photographs of what might be the plaintiff's grades, other emails and handwritten notes, id. at 7–22.

C.    Analysis

As the court explained in its previous screening order, Title VI[1] of the Civil Rights Act of 1964 states that "[n]o person in the United States shall, on

---

[1] The plaintiff cites Title *VII* of the Act in her amended complaint, dkt. no. 14 at 4, but Title VII prohibits discrimination in the workplace. See 42 U.S.C. §2000e-2(a)(1).

5

the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of or be subjected to discrimination under any program or activity receiving federal financial assistance." 42 U.S.C. §2000d. As the court explained in screening the original complaint, Title VI has two aims: to "avoid the use of federal resources to support discriminatory practices" and "to provide individual citizens effective protection against those practices." Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 286 (1998) (quoting Cannon v. Univ. of Chicago, 441 U.S. 677, 704 (1979)). To state a claim under Title VI, the plaintiff must allege that she has been discriminated against based on national origin and must allege that the defendant receives federal assistance. See Coleman v. Goard, Case No. 17-cv-539, 2017 WL 3161150 at *2 (E.D. Wis. July 25, 2017) (citing Irving v. Pui Tak Center, Dkt. No. 12–cv–8092, 2013 WL 2251757 at *2 (N.D. Ill., May 22, 2013)).

The amended complaint alleges that the plaintiff was discriminated against based on her national origin. It claims that MATC and its staff dismissed the plaintiff from the nursing program, accused her of cheating, failed to enter her grades and failed to give her a fair hearing because she is Jordanian. Dkt. No. 14 at 4. As evidence of the discrimination, the plaintiff alleges that she told MATC staff that she was Jordanian, that the staff remarked "that Jordanians are hard for learning" and that the staff treated her differently than others. Id.

The plaintiff has not directly alleged that MATC receives federal funds. But it appears that MATC *does* receive federal funds within the meaning of the

6

statute. The Supreme Court has explained that "a college receives federal financial assistance when it enrolls students who receive federal funds earmarked for educational expenses." <u>Nat'l Collegiate Athletic Ass'n v. Smith</u>, 525 U.S. 459, 466 (1999) (citing <u>Grove City College v. Bell</u>, 465 U.S. 555, 563–570 (1984)). According to its 2023–2024 enrollment and revenue data, MATC students received $62.6 million in financial aid that year (although the data does not specify how much of this was federal) and that MATC received $32.5 million in federal grants. https://www.matc.edu/who-we-are/reports-facts-data/matc-fast-facts-2025.pdf. MATC also participates in the federal work-study program, https://www.matc.edu/costs-scholarships-aid/work-study.html, and its website offers instructions for students to fill out the Free Application for Federal Student Aid. https://www.matc.edu/costs-scholarships-aid/financial-aid.html. Although the court will not dismiss the plaintiff's amended complaint for failure to directly allege that MATC receives federal funds, MATC retains its right to raise any relevant defenses it may have to this or any other element of the claim.

The plaintiff removed from the amended complaint any allegations of religious discrimination. Instead, the amended alleges that the defendants were discriminating against the plaintiff based on her national origin. Dkt. No. 14 at 4. This change allows her to state a claim under Title VI. While her allegations about national origin discrimination are sufficient at the screening stage, later in the litigation the plaintiff likely will be required to support these bare-bones allegations with evidence.

7

The only proper defendant for a Title VI claim is the educational entity. Smith v. Metro. Sch. Dist. Perry Twp., 128 F.3d 1014, 1018–19 (7th Cir. 1997) (finding identical language in Title IX regarding "any program or activity" indicates that a plaintiff can only bring a claim against the recipient of the federal funds); Delices v. UW Bd. of Regents, Case No. 18-CV-1839, 2023 WL 2465880 at *1 (E.D. Wis. Mar. 10, 2023), aff'd sub nom. Delices v. Bd. of Regents of Univ. of Wisconsin Sys., No. 23-1594, 2023 WL 7272358 (7th Cir. Nov. 3, 2023) (noting that the court had dismissed individual defendants in a Title VI case because "the individual defendants were not proper defendants under Title VI"). The court will dismiss the other defendants, leaving only MATC.

## II.    Conclusion

The court **ALLOWS** the plaintiff to proceed on her Title VI claim.

The court **DISMISSES** defendants MATC Judicial Affairs Office, Eric Gass, Jeff Janz, Healthcare Pathway and Student Accommodation.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the amended complaint and this order on MATC under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals

8

Service will give the plaintiff information on how to remit payment. The court is not involved in collecting the fee.

The court **ORDERS** that the defendant must file a responsive pleading to the amended complaint.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court advises the plaintiff that if she fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on her failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. It is the plaintiff's responsibility to notify the court if she changes addresses; if she does not keep the court advised of her address the court may dismiss this case without further notice.

Dated in Milwaukee, Wisconsin this 2nd day of July, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

9