UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HENAN ZAAL,

    Plaintiff,

               Case No. 25-cv-1241-pp

  v.

MATC JUDICIAL AFFAIRS OFFICE, *et al.*,

    Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL
(DKT. NO. 17)**

On July 1, 2026, the plaintiff, who is representing herself, filed her second motion to appoint counsel. Dkt. No. 17. In April 2026, the court had denied her first motion without prejudice, explaining to the plaintiff that she had not shown that she had made a good faith effort to hire an attorney on her own and had not provided the court with any information that would allow it to analyze her competence to litigate her claims herself. Dkt. No. 16. The plaintiff's new motion states that she has contacted "at least three attorneys by telephone," but asserts that each attorney required a retainer or quoted her fees that she could not afford. Dkt. No. 17 at 1. The plaintiff lists six firms and their phone numbers. Id. The plaintiff asserts that she cannot litigate her case without the assistance of an attorney because she does not understand court procedure, has ADHD and faces a language barrier. Id. at 1–2.

1

As the court explained when it denied the plaintiff's last motion, "there is no right to court-appointed counsel in federal civil litigation, but an indigent civil litigant may ask the district court to request an attorney to represent the litigant *pro bono*." McCaa v. Hamilton, 893 F.3d 1027, 1030 (7th Cir. 2018). But because most self-represented people would like to have a lawyer represent them, there are not enough volunteer lawyers to represent each person who asks for one. The court cannot appoint a lawyer to each person who asks—it can appoint lawyers only for those people who demonstrate that they can't obtain a lawyer themselves and that they are incapable of proceeding on their own. To demonstrate that, the plaintiff first must make a "good faith effort" to hire counsel on her own and attach evidence showing that she satisfied this requirement. Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). To do so, the plaintiff must show that she contacted at least three lawyers and must provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyers; and (4) the lawyers' responses. Only after the plaintiff shows that she made a good faith effort to hire a lawyer on her own does the court analyze whether the plaintiff has demonstrated "the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019).

The plaintiff has shown that she tried to hire an attorney and explained some of the barriers that might make representing herself difficult, but she has

2

not presented sufficient evidence to convince the court that she is not capable of proceeding on her own at this stage of the case. There is nothing for the plaintiff to do right now except wait for the complaint to be served on the defendant. Once the complaint is served, the defendant will have the opportunity either to file an answer to the complaint or to respond in some other way. Only after the defendant responds will the plaintiff be required to do anything, and at that time, the court will explain what she needs to do. Given that, the court believes that the plaintiff can proceed on her own through the next stages of the litigation. The plaintiff's filings illustrate that she can advocate for herself and manage her case, at least in the early stages of litigation. The court will deny the plaintiff's motion without prejudice.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 17.

Dated in Milwaukee, Wisconsin this 13th day of July, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3